IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| NAUREEN ANN HOFF, | CV 15-72-BLG-SPW |
| Plaintiff, | |
| vs. | OPINION and ORDER |
| JAMES THORMODSGARD, | |
| Defendant. | |

As recounted in this Court's previous Order, Plaintiff Naureen Hoff filed this action on July 23, 2015. Defendant James Thormodsgard was served with the Summons on September 21, 2015. For three months, there was no further activity. On December 21, 2015, the Court ordered Hoff to either move for default or show cause why this case should not be dismissed for failure to prosecute.

Hoff's counsel responded that after he filed the instant case, he learned that Hoff had previously filed a pro se complaint against Thormodsgard in Montana state court. Thormodsgard has hired counsel to defend him in state court, and Hoff's counsel has subsequently appeared on behalf of Hoff in state court. Hoff represents that a scheduling conference has been held and the matter is set for trial in state court. Hoff acknowledges that she is "very likely bound by her choice to initially proceed in state district court." (Doc. 5 at 2). However, Hoff requests that this federal case "not be dismissed at this time so as to avoid the dismissal of this

1

action from prejudicing Hoff's rights to seek redress against Mr. Thormodsgard." (*Id.*).

The Court recognizes that a party can pursue simultaneous litigation in state and federal court of identical cases if the courts have concurrent jurisdiction over the matter. *Noel v. Hall*, 341 F.3d 1148, 1159 (9th Cir. 2003). However, the plaintiff must actually prosecute the case or risk dismissal. Fed. R. Civ. P. 41(b). "It is a well established rule that the duty to move a case is on the plaintiff and not on the defendant or the court." *Fid. Philadelphia Trust Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). A court may sua sponte dismiss a case for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 631-32 (1962); *see also Thomas v. Wexford Med.*, 2015 WL 7732111, at *1 (D. Ariz. Sept. 30, 2015). Before dismissing a case for failure to prosecute, a court is required to weigh several factors:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.

*Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

After weighing the factors, the Court finds that Hoff has not shown good cause why this case should not be dismissed. By her own admission, Hoff does not intend on actively pursuing this federal case. Hoff requests that this Court keep the case open for an indefinite period of time pending the resolution of the state case.

2

The Court finds that this explanation is inadequate and violates the public's interest in expeditious resolution of litigation. Further, the Court's broad discretion in controlling its docket favors dismissal. The Court declines to maintain an active and open case that the plaintiff will not pursue. While Thormodsgard may not be prejudiced by the delay in this case as he could have responded to the Complaint, the defendant's prejudice is just one factor. As to the public policy of disposition of cases on their merits, Hoff can still pursue her case against Thormodsgard in state court. Finally, the Court has considered less drastic sanctions, such as staying this case. *See Ollie v. Riggin*, 848 F.2d 1016 (9th Cir. 1988). Hoff has not requested a stay, nor has Hoff articulated a valid reason to keep this case open.

As there has been minimal activity in this case and there is ongoing state litigation, dismissal is without prejudice and does not operate as an adjudication on the merits. *See* Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY ORDERED:

1. Hoff's Complaint (Doc. 1) is DISMISSED without prejudice.

2. The Clerk of Court shall enter judgment and close this case.

DATED this 13 day of January, 2016.

SUSAN P. WATTERS
United States District Judge

3